**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-5234**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

LUIS GONZALEZ,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Deborah K. Chasanow, District Judge.
(8:07-cr-00326-DKC-1)

———————

Submitted:  October 15, 2009          Decided:  October 19, 2009

———————

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Elita C. Amato, LAW OFFICE OF ELITA C. AMATO, Arlington,
Virginia, for Appellant.  Rod J. Rosenstein, United States
Attorney, Peter M. Nothstein, Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Gonzalez pled guilty to knowingly possessing a short-barreled shotgun, in violation of 26 U.S.C. §§ 5841, 5861(d), 5871 (2006) (Count One), and knowingly distributing 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006) (Count Three). The district court sentenced Gonzalez to 120 months' imprisonment on Count One and 126 months' imprisonment on Count Three, to run concurrently. On appeal, Gonzalez challenges the Government's exercise of discretion in failing to move for an additional one level reduction of his offense level pursuant to U.S. Sentencing Guidelines Manual § 3E1.1(b), and claims his sentence was procedurally unreasonable.

The discretion for making the § 3E1.1 motion was with the Government in this case, pursuant to the terms of the plea agreement, and the decision whether or not to award an acceptance of responsibility adjustment is committed to the sentencing court's broad discretion. See USSG § 3E1.1, cmt. n.5. Here, where Gonzalez wrote letters informing prison inmates about the identity of an informant, we find no error in the district court's conclusion that such action constitutes obstruction of justice such that the Government did not breach the plea agreement in refusing to move for a USSG § 3E1.1 reduction.

This court reviews a sentence imposed by a district court under a deferential abuse of discretion standard, reviewing both the procedural and substantive reasonableness of the sentence. Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007); United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). On appeal, a sentence within the properly calculated guideline range is considered to be presumptively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Our review of the record reveals that the district court made an individualized assessment based on the facts presented during sentence and stated in open court its reasons supporting its chosen sentence. See United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Specifically, the district court discussed the nature and circumstances of the offense, Gonzalez' characteristics, intelligence, close ties to his family, and desire to do good works in his community, and stated that it was imposing a sentence it felt was necessary to sufficiently punish Gonzalez for his criminal conduct, to address the danger Gonzalez posed to the community, to address his prior recidivism, and stated that the sentence would provide Gonzalez with an opportunity to reflect on his crimes, would protect the public, and would help him become a productive member of the community upon his release. The district court

3

properly considered the 18 U.S.C. § 3553(a) (2006) factors, and we find no procedural sentencing infirmity nor any no abuse of discretion.

Accordingly, we affirm Gonzalez' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED